**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| BELINDA BUTLER | * |
| | *   COMPLAINT |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   JURY TRIAL DEMANDED |
| CREDIT CONTROL SERVICES, INC. | * |
| d/b/a CREDIT COLLECTION SERVICES | * |
| | * |
| Defendant | * |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiff that was included in her bankruptcy.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

4. Plaintiff is a natural person who resides in Charles County, Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and has standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS") is a debt collection agency with its principal place of business located at Two Wells Avenue, Newton, MA 02459. Accordingly, Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6) in that it is a company collecting a consumer debt that was owed by Plaintiff to another entity.

**FACTUAL ALLEGATIONS**

6. In 2008, Plaintiff obtained a personal credit card from PNC Bank, N.A ("PNC"). This was an obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. On July 5, 2012, Plaintiff sought relief from her creditors by filing a Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Maryland (Case No. 12-24520).

8. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, an unsecured debt was listed in favor of "PNC Bank, N.A.", with a redacted account number ending in 9008. A copy of the filed Schedule F is attached as **Exhibit A**.

9. On or about August 9, 2012, the Clerk of the Bankruptcy Court certified that it had sent out notice of Plaintiffs' bankruptcy to all scheduled. A copy of this certification is attached as **Exhibit B**.

10. The § 341 Meeting of Creditors was held on September 12, 2012 in Greenbelt, Maryland. No creditors appeared at this hearing.

11. At some point afterward, PNC inexplicably sent the account to CCS for collection from Plaintiff.

12. On or about October 23, 2012, CCS collection letter addressed to Plaintiff, falsely stating that a) it had previously attempted to contact undersigned counsel to confirm representation and b) the balance due on the account was $8,045.60. A copy is attached as **Exhibit C**.

13. Subsequently, CCS attempted to contact Plaintiff on her home phone while she was not available.

14. When Plaintiff later returned the missed call from 617-467-3393, she spoke with CCS's employee "Carrie Shaw" who then informed her that her company was collecting a debt on behalf of PNC and that Plaintiff had an outstanding balance due for $8,045.60.

**COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. This Court has held that, "A demand or immediate payment while a debtor is in bankruptcy or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not." *Gamble v. Fradkin & Weber, P.A.*, 846 F. Supp. 2d 377 (D. Md. 2012)(citing *Randolph v. IMBS Inc. et al*, 368 F.3d 726 (7th Cir. 2004)).

17. Therefore Defendant's aforementioned attempt to collect on a debt that Plaintiff included in her bankruptcy was a false statement to the Plaintiff, in direct violation of 15 U.S.C. §§ 1692(e), e(2)(a), and e(10).

18. Additionally, Defendant's statement that it had contacted Plaintiff's attorney was also a false statement pursuant to 1692e(2)(A).

19. Plaintiff had filed bankruptcy specifically to gain relief from her creditors and to stop these kinds of collection efforts.

20. Through Defendant CCS's actions, the Plaintiff has been severely agitated, annoyed, traumatized, and emotionally damaged.

21. As a result of Defendant CCS's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for Plaintiff;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

d) For such other and further relief as this Court deems just and proper.

### TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7.  Fed.R.Civ.P. 38.

Respectfully submitted this 9th day of November, 2012;

BELINDA BUTLER

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
interoffice@rowepllc.com